Joseph L. MARINO, Jr., Plaintiff,

v.

**JOSEPHSON BAR REVIEW CENTER OF AMERICA, INC., d.b.a. Marino-Josephson/BRC, and Josephson Center For Creative Services, Inc., Defendants.**

No. 81 Civ. 3885.

United States District Court,
S. D. New York.

July 9, 1981.

Field, Lomenzo & Turret, New York City, for plaintiff; Claude Castro, New York City, of counsel.

Warshavsky, Hoffman & Cohen, New York City, for defendants; Stephen D. Hoffman, David W. Cohen, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

The rule in this Circuit requires one seeking a preliminary injunction to establish irreparable injury and either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly in favor of the party requesting the preliminary relief.[1]

The hearings on the plaintiff's application for preliminary injunctive relief extended over three days. Clearly the case bristles with disputed issues of fact and presents substantial questions of law as to which the parties are in disagreement. A primary issue, the nature of the contractual relationship between the plaintiff and the defendants, is sharply disputed and on its resolution depends in large measure the right to certain videotapes made by plaintiff and used by the defendants after their relationship had been terminated by plaintiff.

Plaintiff, among other matters, contends that his agreement with defendants was oral, which in no respect granted to defendants either a copyright or other property right in his recordings or lectures and excluded any restrictive covenant. The defendants, on the other hand, contend that plaintiff failed to send in as promised a written "independent service agreement," a form of agreement executed by all their lecturers, and that in any event, every ar-

---

1. *Union Carbide Agricultural Products Co. v. Costle*, 632 F.2d 1014, 1017 (2d Cir. 1981); *Jack* *Kahn Music Co. v. Baldwin Piano & Organ Co.*, 604 F.2d 755, 758 (2d Cir. 1979).

rangement between plaintiff and defendants incorporated by reference the provisions of the "independent service agreement" and is confirmed by plaintiff's conduct and actions. The serious factual dispute on the issue of the parties' contractual relationship, which must await resolution upon a trial, precludes a finding at this time that plaintiff has established a likelihood of success on the merits.[2] Moreover, while the case clearly presents sufficiently serious questions going to the merits of the controversy to make them fair ground for litigation, plaintiff, to prevail on his application for preliminary relief, must also establish that the balance of hardship tips decidedly in his favor.

Plaintiff, under his arrangement with the defendants, whatever its true nature, had lectured in the past in defendants' bar examination review courses. He last lectured in person in the January-February 1981 course in New York City and videotape recordings of that lecture were played in other areas of the state (also Boston, Washington, D.C. and elsewhere) to those enrolled in the course and who were unable to attend in New York City. He terminated his relationship on about April 1981. The defendants are using, in the current course, videotapes of plaintiff's prior lectures in preparation for the July 1981 New York State bar examination. Plaintiff contends that the presentation of his earlier videotapes in the present review sessions has somehow injured and tarnished his reputation because they have not been brought up to date; that they were shown out of turn and without coordination with the substantive law lectures; and further, that defendants have failed to distribute certain supplemental written material referred to by plaintiff in his lecture with the result that there has been confusion among the students, thereby causing him irreparable injury.

The defendants deny plaintiff's charges and assert that under their contractual relationship with plaintiff, they are entitled to the use of the videotapes and lectures; further that the videotapes are accurate and current as to subject matter and entirely adequate for instruction to those taking the bar review course. It is questionable upon the present state of the record, with its sharply conflicting testimony as to the adequacy of the tape recordings and lectures for instruction to the current students, that plaintiff has established irreparable injury. In any event, while there are sufficiently serious questions going to the merits to make them fair ground for litigation, plaintiff has failed to establish that the balance of hardship tips decidedly in his favor. Some 1,200 students are taking the preparatory bar examination offered by the defendants. Thus the issue of the balance of hardship is really not limited to the respective interests of plaintiff and defendants. An injunction would have an adverse impact upon 1,200 individuals now taking the review course and who plan to take the bar examination at the end of this month. With the examination scheduled less than three weeks from this date, they will be deprived of the benefit of whatever value may inhere in the materials that are the subject of the parties' controversy. These students are caught in the crossfire of the conflicting claims of plaintiff and defendants. They are innocent persons who should not be deprived of the benefits of the videotapes and other items which are the subject of the plaintiff's claims and for which no adequate replacement can be found at this late date. The motion for a preliminary injunction is denied.

So ordered.

---

**2.** The parties declined the Court's suggestion to consolidate the preliminary injunction hearing with a trial on the merits pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure.